UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON SR.,<br><br>            Petitioner,<br>  v.<br>JAMES KEY,<br><br>            Respondent. | Case No. C18-5998-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 5, 2019 |

Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 in September 2018. Dkt. 1. On January 28, 2019, respondent filed his answer and memorandum of authorities as well as the relevant state court record. Dkts. 17, 18. On February 14, 2019, petitioner moved for a 180 day extension of time to file his response to respondent's answer. Dkt. 19. On March 7, 2019, the Court granted petitioner's motion and extended his time to file a response to August 12, 2019. Dkt. 20. Petitioner has now filed a motion seeking the following relief: a preliminary injunction, appointment of counsel, expedited review, and immediate release from custody. Dkt. 21.

Petitioner indicates that in March 2019, he was diagnosed with stage 4 prostate cancer. Dkt. 21, at 5. He indicates he was told that "if the cancer was left untreated he would have approximately six (6) months to live." *Id.* He states he was told that treatment may slow the progression of the cancer but there is no guarantee it will work. *Id.* Petitioner indicates he will shortly begin undergoing intensive chemotherapy and may have severe side-effects such as

REPORT AND RECOMMENDATION - 1

fatigue, vomiting, loss of appetite, "chemo-brain", and that he will need to deal with the logistics of attending appointments and in-patient treatments. *Id.*

Petitioner contends the respondent has

> "effectively and unnecessarily 'killed' petitioner Lawson by sentencing him to death not authorized by his judgment and sentence by refusing to test, diagnose and treat Lawson at the earliest possible time he began notifying respondents about his symptoms when his condition was curable and by interfering and denying him access to the courts by, among other things: (a) willfully withholding and destroying critical medical records and trial and exculpatory evidence needed to prove my challenge to my current conviction; (b) forbidding me from taking any law library materials back to my cell; (c) removing Washington Practice Series from the Law Library; (d) reducing the amount of time that I have access to the Law Library to less than 4 hours per week, etc."

*Id.*, at 6-7.

## A.   Preliminary Injunction

Petitioner requests a preliminary injunction authorizing the following: (a) possession and use of Lawson's personal laptop computer, battery, mouse, thumb-drive, and carrying case, which is already in the possession, custody and control of the DOC; (b) installation of a complete copy of both WestLaw's 'Premise' and Lexis Nexis' Prison Law Library Database as it was/is installed on DOC Law Library computers onto Lawson's laptop computer; (c) immediate acquisition/reaquisition and delivery to Lawson every compact disc (CD) containing public disclosure information sent directly from any state agency including but not limited to: (i) Kitsap County Prosecutor's Office; (ii) Kitsap County Sheriff's Office; (iii) Kitsap County Courts; and DOC, and currently in the possession of or previously destroyed by respondents; (d) a DOC-managed connection to e-file and retrieve documents to/from the Ninth Circuit Court of Appeals, Federal District Courts and local state courts; (e) DOC-managed and unimpeded access to Lawson's PACER account; (f) DOC-managed dedicated person assigned to Lawson to facilitate court requests and information "look ups" related to Lawson's challenge to his current

REPORT AND RECOMMENDATION - 2

conviction and conditions of confinement cases; and (g) immediate electronic archiving of all of Lawson's legal property based on emergency circumstances.

Respondent contends that petitioner's request for preliminary injunctive relief within this habeas corpus proceeding is improper because such relief is not an available remedy under 28 U.S.C. § 2254. Dkt. 22. The undersigned agrees. A habeas corpus action is "the proper mechanism for a prisoner to challenge" the fact or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). On the other hand, a claim challenging a prisoner's conditions of confinement is properly brought under 28 U.S.C. § 1983. *See McCarthy v. Bronson*, 500 U.S. 136, 141-142 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (interpreting *Preiser* ).

Here petitioner seeks injunctive relief related to his conditions of confinement—his access to legal research and resources—and not on a challenge to the fact or duration of his confinement. While petitioner's claim may have been appropriate for a lawsuit under 42 U.S.C. Section 1983, the relief he requests is not within the scope of relief under 28 U.S.C. Section 2254 on federal habeas review.

Furthermore, the basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Here petitioner is not seeking to preserve the status quo but, rather, is seeking increased access to additional legal resources and materials. Accordingly, the Court should deny petitioner's motion for a preliminary injunction.

Even if petitioner properly presented his request for injunctive relief in this action, he still fails to demonstrate such relief is warranted. To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Supreme Court has made clear that the mere possibility of future injury is not sufficient to support the issuance of a preliminary injunction. *See id.*, at 22.

Here petitioner has not shown a likelihood of success on the merits. It appears, based upon the briefing currently before the Court, that the petition is likely barred by the statute of limitations. Petitioner has also not adequately shown a likelihood of irreparable harm in the absence of this preliminary relief. Other than petitioner's general assertion that he needs the various materials, he fails to show why the requested injunctive relief is actually necessary to prosecuting this action at this point.

The Court also notes that, at this point, petitioner's only obligation is to address the very limited procedural issue raised in respondent's answer of whether the petition is barred by the statute of limitations. This should significantly limit the amount of legal research required for the petitioner to file a response. The Court also notes that, at petitioner's request, he has also been given a significant period of time (until August 12, 2019) to respond to this narrow procedural issue.

Accordingly, the Court should deny petitioner's motion for a preliminary injunction.

**B.    Motion for Counsel**

Petitioner also requests that the Court appoint him counsel. There is no right to have counsel appointed in cases brought under 28 U.S.C. §2254, unless an evidentiary hearing is

REPORT AND RECOMMENDATION - 4

1  required or such appointment is "necessary for the effective utilization of discovery procedures."
2  *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d
3  369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990);
4  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in
5  the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage
6  of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether
7  to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as
8  well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the
9  legal issues involved." *Id.*

10  Here, petitioner has not shown a likelihood of success on the merits. As noted above,
11  based upon the briefing currently before the Court, it appears likely the petition is barred by the
12  statue of limitations. Furthermore, up to this point, petitioner has demonstrated a sufficient
13  ability to articulate his claims in his petition for writ of habeas corpus. The Court is sympathetic
14  to petitioner's medical condition and that he will be undergoing treatment that may cause some
15  side effects. However, as previously noted, at this point, petitioner's only obligation is to address
16  the narrow procedural issue of whether the petition is barred by the statute of limitations and
17  petitioner has been given a significant period of time (until August 12, 2019) to address this very
18  limited issue.

19  Accordingly, the Court should deny petitioner's motion for appointment of counsel
20  without prejudice.

21  **C.  Immediate Release from Custody**

22  Petitioner also requests that he be released immediately pending the resolution of his
23  habeas petition. The authority to release a petitioner prior to a ruling on the merits of a habeas

24

25

REPORT AND RECOMMENDATION - 5

petition appears to remain a disputed issue in the Ninth Circuit. *See In re Roe*, 257 F.3d 1077, 1081 (9th Cir. 2001). In *Roe*, the Ninth Circuit "[a]ssum[ed], arguendo, that a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases ... involving special circumstances or a high probability of success." *Id.*, at 1080 (citation and internal quotation marks omitted); *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (quoting *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989))). The Court in *Roe* determined the petitioner failed to meet this standard and granted the petition for writ of mandate filed by the warden to vacate the district court's release of petitioner on bail pending decision on his 2254 petition. *Id.* Assuming without deciding, as the Court did in *Roe*, that the Court has the authority to grant petitioner's request under § 2254, petitioner fails to establish special circumstances or a high probability of success on the merits of his federal habeas petition and his request should be denied.

Here, petitioner has not shown a high probability of success on the merits as it appears that his claims are likely barred by the statute of limitations. Furthermore, petitioner has not shown a special circumstance warranting the extraordinary remedy of release prior to the determination of his habeas petition. Petitioner states generally that the DOC "refus[ed] to test, diagnose and treat [him] at the earliest possible time that he began notifying them of his symptoms." Dkt. 21, at 8. He requests immediate release "because he is terrified that DOC will contribute to and exacerbate a faster death given (a) their ineptitude in early detection of [his] cancer; (b) their indifference to his medical needs and requests; and (c) its crippling bureaucracy and red tape." *Id.* However, petitioner offers no facts or evidence to support these general allegations and his concerns regarding the adequacy of the treatment of his cancer through DOC are, at this point, speculative and conclusory.

Petitioner also indicates he believes he would receive better medical treatment in the community than through the Department of Corrections. Again, while the Court is sympathetic to petitioner's medical situation, his conclusory assertions regarding past treatment[1] and generalized concern about future treatment through DOC fails to demonstrate that necessary treatment is unavailable to him in prison. *See In re Roe*, 257 F.3d 1077, 1081 (9th Cir. 2001) (Finding that, in the context of a request for release during the pendency of habeas petition, petitioner's failing health and need for medical attention would be relevant to the assessment of special circumstance only if petition required treatment that was unavailable to him through the California Department of Corrections.). Accordingly, the petitioner has failed to establish special circumstances sufficient to warrant the extraordinary remedy of release prior to the determination of his habeas petition. The Court should deny petitioner's motion for immediate release from custody without prejudice.

**D.     Expedited Review**

Petitioner also requests expedited review of his petition. However, review of the petition is effectively on hold, awaiting petitioner's filing of a response to respondent's answer, the deadline for which was previously extended (at petitioner's request) to August 12, 2019. Accordingly, the undersigned recommends that the Court grant petitioner's motion to the extent of advising petitioner that he may file his response at any time prior to the current deadline of August 12, 2019, and the Court will re-note the petition for consideration to an earlier date upon receipt of petitioner's response. The undersigned further recommends that the Court advise the

---

[1] To the extent petitioner is attempting to bring a claim alleging inadequate medical care related to the diagnosis of his cancer, such a claim relates to the conditions of his confinement, not the fact or duration of his confinement, and as such a habeas petition is not the proper mechanism to raise such a claim. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

REPORT AND RECOMMENDATION - 7

petitioner that he may also request that the Court decide his petition without his response based upon the current briefing.

## CONCLUSION

Based on the foregoing discussion, the Court should deny petitioner's motion for a preliminary injunction. Furthermore, the Court should deny petitioner's motion for court-appointed counsel and for immediate release without prejudice. To the extent petitioner requests expedited review of his petition, the Court should grant petitioner's motion to the extent of advising petitioner that he may file his response to respondent's answer at any time prior to the current deadline of August 12, 2019, and the Court will re-note the petition for consideration to an earlier date upon receipt of petitioner's response. The Court should also advise petitioner that he may also request that the Court decide his petition without his response based upon the current briefing.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 5, 2019**, as noted in the caption.

Dated this 14th day of June, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge