UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEOFFREY ROBERT LAWSON, SR., <br><br> Petitioner, <br><br> v. <br><br> JAMES KEY, <br><br> Respondent. | Case No. C18-5998-RBL-TLF <br><br> ORDER GRANTING LIMITED EXTENSION OF TIME |

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 in September 2018. Dkt. 1. Respondent filed an answer to the petition on January 28, 2019. Dkt. 17. In February 2019, petitioner moved for a 180-day extension of time to file a response to respondent's answer. Dkt. 19. That motion was granted. Dkt. 20. In August 2019, petitioner moved for a second 180-day extension to file his response on the grounds that his time in the law library was limited and that his ability to work on his response was additionally limited by the fact that he is undergoing medical treatment for cancer. Dkt. 26. That motion was granted. The petitioner now moves again for a third 180-day extension to file his response. Dkt. 29. The respondent does not oppose petitioner's motion. Dkt. 30.

Petitioner requests an extension of time on the grounds that in August 2019, he was "kicked out" of the library for possessing in excess of 3 inches of legal materials in violation of DOC policy. Dkt. 29. Petitioner indicates he filed a grievance related to this incident and that he was also infracted over this incident. However, this alleged incident occurred five months ago.

ORDER GRANTING LIMITED EXTENSION OF TIME - 1

Even if petitioner disagrees with this policy or that he was given an infraction for this incident[1], he does not explain why he has been unable to prepare his response in the intervening five months. The Court also notes that the only issue raised in the respondent's answer is that the petition is barred by the statute of limitations and, therefore, petitioner need only address that very limited issue in his response. Under the circumstances, petitioner does not establish good cause warranting a *third* 180-day extension. However, the Court will grant petitioner a *final* limited extension of time **until March 30, 2020** to respond. Accordingly, it is ORDERED:

(1) Petitioner's motion (Dkt. 29) is **GRANTED** in part; he shall have up to and including **March 30, 2020**, to file a response to respondent's answer. **No further extensions of time will be granted except upon a showing of good cause.**[2]

(2) Respondent must file any reply to petitioner's response by **April 3, 2020**.

(3) The Clerk is directed to re-note the petition for **April 3, 2020**.

(4) The Clerk is directed to provide a copy of this order to petitioner and counsel for respondent.

Dated this 3rd day of February, 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

---

[1] To the extent petitioner is attempting to raise a separate legal claim related to this incident and the conditions of his confinement the court notes that: an "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

[2] If petitioner does attempt to seek an additional extension of time, generalized assertions of difficulties accessing the library will not suffice. To establish good cause warranting a further extension petitioner must set forth a detailed explanation as to why he has been unable to respond specifically to the allegations in respondent's answer (which are limited to the issue of timeliness of the petition) despite being given numerous substantial extensions of time in which to do so.

ORDER GRANTING LIMITED EXTENSION OF TIME - 2