UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEOFFREY ROBERT LAWSON SR,

                    Petitioner,

          v.

JAMES KEY,

                    Respondent.

Case No. C18-5998-RBL-TLF

ORDER DENYING MOTIONS FOR: APPOINTMENT OF COUNSEL, TO DIRECT DEFENDANTS TO RETURN A COMPUTER; AND ORDER GRANTING A LIMITED EXTENSION OF TIME

Petitioner proceeds pro se in this habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion seeking an order directing prison officials to provide him with a copy of his 3/30/2020 pleading (Dkt. 32) and motion seeking a fourth 180 extension of time to file his response, ordering prison authorities to provide petitioner with the possession and use of his personal laptop, and appointment of counsel (Dkt. 33). For the reasons set forth below, petitioner's motions are DENIED, except the motion for extension of time is PARTIALLY GRANTED: He is granted an extension of time to **June 26, 2020,** to file his response.

**BACKGROUND**

Petitioner filed his habeas corpus petition pursuant to 28 U.S.C. § 2254 in September 2018. Dkt. 1. On January 28, 2019, respondent filed his answer and memorandum of authorities as well as the relevant state court record. Dkts. 17, 18. On February 14, 2019, petitioner moved for a 180-day extension of time to file his response to respondent's answer. Dkt. 19. That motion was granted. Dkt. 20. On April 16, 2019, petitioner moved for a preliminary injunction directing prison officials to provide him

access to his personal laptop and accessories. Dkt. 21. Petitioner's motion was denied by order dated July 9, 2019. Dkt. 24. In August 2019, petitioner moved for a second 180-day extension to file his response on the grounds that his time in the law library was limited and that his ability to work on his response was additionally limited by the fact that he is undergoing medical treatment for cancer. Dkt. 26. That motion was granted.

On January 13, 2020, the petitioner moved for a third 180-day extension to file his response. Dkt. 29. By order dated February 3, 2020, the Court found that petitioner had failed to establish good cause warranting a third 180 extension but granted petitioner a final limited extension of time, until March 30, 2020, to respond to respondent's answer. Dkt. 31.

The Court also warned petitioner that no further extensions of time would be granted except upon a showing of good cause. *Id.* Regarding the showing of good cause warranting a further extension, the Court advised petitioner that he must set forth a detailed explanation as to why he has been unable to respond specifically to the allegations in respondent's answer (which are limited to the issue of timeliness of the petition) despite being given numerous substantial extensions of time in which to do so. *Id.*

On April 3, 2020, petitioner filed a motion seeking an order directing prison officials to provide him with a copy of his 3/30/2020 pleading. Dkt. 32. Respondent submits evidence that pleading was subsequently provided to petitioner. Dkt. 36. On April 6, 2020, petitioner filed a fourth motion seeking another 180-day extension of time to file his response. Dkt. 33. Petitioner also asks the Court to order the prison authorities to provide petitioner with the possession and use of his personal laptop, and petitioner

ORDER DENYING MOTIONS FOR: APPOINTMENT
OF COUNSEL, TO DIRECT DEFENDANTS TO
RETURN A COMPUTER; AND ORDER GRANTING A
LIMITED EXTENSION OF TIME - 2

seeks an order appointing counsel. *Id.* Respondent takes no position on petitioner's request for an extension of time but opposes his requests for an order directing prison authorities to give him his laptop  and opposes the request for appointment of counsel. Dkts. 35, 36.

**DISCUSSION**

**A.    Motion Seeking Copy of 3/30/20 Pleading**

Petitioner moves for an order directing prison officials to provide him with a copy of his 3/30/2020 pleading. Dkt. 32. Respondent submits evidence that a copy of this pleading was provided to petitioner on April 14, 2020. Dkt. 36. Accordingly, petitioner's motion (Dkt. 32) is denied as moot.

**B.    Possession of Laptop**

Petitioner asks the Court to order the prison authorities to provide him with the possession and use of his personal laptop, battery, mouse, thumb-drive, and carrying case, which he claims is already in the possession of the DOC, as well as installation of DOC's version of Lexis Nexis and Westlaw's "static" on the laptop computer. Alternatively, petitioner requests appointment of counsel. Dkt. 33.

Petitioner argues he is undergoing cancer treatment and that the side effects impact his ability to work on his case. *Id.* He also asserts beginning March 23, 2020, he has been in mandatory indefinite lockdown due to the COVID-19 pandemic. *Id.* He asserts he has no access to the law library or materials from the law library and is unable to file documents electronically. *Id.* He asserts that beginning in August of 2019, he was forbidden from taking respondent's answer into the law library due to its size, the law library was only available two days per week averaging less than two hours per

ORDER DENYING MOTIONS FOR: APPOINTMENT
OF COUNSEL, TO DIRECT DEFENDANTS TO
RETURN A COMPUTER; AND ORDER GRANTING A
LIMITED EXTENSION OF TIME - 3

1   day and that on many days he was too ill to go to the library. *Id.* He also argues the

2   "magnitude" of the constitutional claims raised by his case overcome the time-bar and

3   that he therefore requires substantial time in the law library. *Id.*

4       Respondent contends that petitioner's request for an order directing officials to

5   provide him with his laptop is improper within this habeas corpus proceeding because

6   such relief is not an available remedy under 28 U.S.C. § 2254. Dkt. 22. This argument is

7   persuasive. A habeas corpus action is "the proper mechanism for a prisoner to

8   challenge" the fact or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th

9   Cir. 1991); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Crawford v. Bell*, 599

10  F.2d 890, 891 (9th Cir. 1979). On the other hand, a claim challenging a prisoner's

11  conditions of confinement is properly brought under 28 U.S.C. § 1983. *See McCarthy v.*

12  *Bronson*, 500 U.S. 136, 141-142 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 499

13  (1973); *see Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (interpreting *Preiser* ).

14      Here petitioner seeks relief related to his conditions of confinement—his access to

15  legal research and resources—and not on a challenge to the fact or duration of his

16  confinement. The relief he requests is not within the scope of relief under 28 U.S.C.

17  Section 2254 on federal habeas review.

18      The Court also notes that petitioner's request is not in the nature of a preliminary

19  injunction which is designed to preserve the *status quo ante litem* pending a determination

20  of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football*

21  *League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Here petitioner is not seeking to preserve

22  the status quo but, rather, is seeking increased access to additional legal resources and

23  materials.

24

25

1        To the extent the petitioner is trying to use his request for access to his personal

2   laptop as a persuasive argument to justify his motions for counsel and for another

3   extension of time, there is no merit to that argument. Contrary to petitioner's assertion

4   that he has not had access to library materials due to the lockdown, respondent

5   presents evidence that petitioner does have access to library materials. Dkt. 36.

6   Specifically, respondent submits the declaration of Legal Liaison Officer at Airway

7   Heights Corrections Center (AHCC), Janet Nelson, who states that:

8           quarantined senior offenders may request priority access and
        legal forms and materials will be made available if they have a

9           verifiable court imposed response deadline of 45 days or less, as
        outlined in DOC Policy 590.500. Once confirmed that they meet

10          this criteria, the following applies: Law Library materials exception
        may be requested in writing via Kite or Kiosk; offenders may

11          check out up to three case law files at one time and retain for up
        to three days, then return, and/or exchange for three new case

12          law files at that time; limited legal books are also available for
        check out for up the three days. Mr. Lawson is familiar with this

13          priority access as set forth under DOC Policy 590.500, and he has
        requested it on numerous occasions. Mr. Lawson has access to

14          Kiosk and kites and has not made any requests for assistance via
        Kiosk or kite since January 2020.

15  *Id.* In reply, petitioner does not specifically dispute Ms. Nelson's assertions but indicates

16  he was not familiar with these procedures and that these new procedures will be

17  cumbersome. Dkt. 37. He speculates that the delays in his ability to obtain cases and

18  research materials will affect his ability to file his response. *Id.* But petitioner's

19  speculation does not demonstrate the procedures are inadequate or that the requested

20  relief is actually necessary to prosecuting this action at this point. *Id.* In his reply,

21  petitioner also requests an "evidentiary hearing" on this issue. For the reasons

22  discussed above, that request is denied. *Id.*

23       The Court also notes again that for purposes of the current status of this case,

24  petitioner's only obligation is to address the very limited procedural issue raised in

25  ORDER DENYING MOTIONS FOR: APPOINTMENT
OF COUNSEL, TO DIRECT DEFENDANTS TO
RETURN A COMPUTER; AND ORDER GRANTING A
LIMITED EXTENSION OF TIME - 5

1   respondent's answer -- whether the petition is barred by the statute of limitations. This

2   should significantly limit the amount of legal research required for the petitioner to file a

3   response.

4           Accordingly, the Court denies petitioner's motion for an order directing officials to

5   provide him access to his personal laptop and other materials to augment his access to

6   legal resources – because it is not properly before the Court in this habeas corpus

7   action, and also – to the extent it is intended purely as another argument in support of

8   his motion for counsel and motion for an extension of time – the argument lacks merit.

9   **C.    Motion for Counsel**

10          Petitioner also requests that the Court appoint counsel. Counsel need not be

11  appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is

12  required or such appointment is "necessary for the effective utilization of discovery

13  procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v.*

14  *Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d

15  1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules

16  Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The

17  Court also may appoint counsel "at any stage of the case if the interest of justice so

18  requires." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, the Court

19  "must evaluate the likelihood of success on the merits as well as the ability of the

20  petitioner to articulate his claims pro se in light of the complexity of the legal issues

21  involved." *Id.*

22          Here, it does not appear at this point that an evidentiary hearing is required as

23  respondent has raised only the issue of the timeliness of the petition. Petitioner has also

24

25  ORDER DENYING MOTIONS FOR: APPOINTMENT
    OF COUNSEL, TO DIRECT DEFENDANTS TO
    RETURN A COMPUTER; AND ORDER GRANTING A
    LIMITED EXTENSION OF TIME - 6

1   not shown a likelihood of success on the merits. As noted above, based upon the

2   briefing currently before the Court, the issue is whether this petition is barred by the

3   statute of limitations. Furthermore, up to this point, petitioner has demonstrated a

4   sufficient ability to articulate his claims in his petition for writ of habeas corpus as well as

5   in rather lengthy and detailed motions seeking extensions of time, access to his

6   personal laptop, and appointment of counsel. And, as noted above, respondent

7   presents evidence -- and petitioner does not specifically dispute that evidence – to

8   establish that, despite the lockdown, there is a process in place through which petitioner

9   can access law library materials.

10       The Court is sympathetic to petitioner's assertions that he has been suffering

11   from a medical condition and is undergoing treatment that causes side effects.

12   However, as previously noted, at this point, petitioner's only obligation is to address the

13   narrow procedural issue of whether the petition is barred by the statute of limitations

14   and petitioner has been given lengthy extensions of time to address this very limited

15   issue.

16       Accordingly, the Court denies petitioner's motion for appointment of counsel

17   without prejudice.

18   **D.    Request for Extension of Time**

19       Petitioner requests another 180-day extension of time. But petitioner has failed to

20   establish good cause for another lengthy extension. Petitioner has been dissatisfied

21   with the amount of law library access he has had, yet the Court notes he has been

22   given more than a year to draft a response to the very limited issue of the timeliness of

23   his petition. Furthermore, petitioner does not specifically dispute respondent's evidence

24

25   ORDER DENYING MOTIONS FOR: APPOINTMENT
     OF COUNSEL, TO DIRECT DEFENDANTS TO
     RETURN A COMPUTER; AND ORDER GRANTING A
     LIMITED EXTENSION OF TIME - 7

1    that, despite the lockdown at AHCC, there is a procedure in place through which

2    petitioner can access and check out law library materials.

3          Accordingly, the Court grants petitioner's motion for extension of time, but not for

4    a 180-day period. Instead, petitioner is ordered to file his response **on or before June**

5    **26, 2020**. Respondent must file any reply on or before **July 10, 2020**. The Clerk is

6    directed to re-note the petition to **July 10, 2020**. Petitioner is advised that he should not

7    expect to be granted any further extensions of time. The Clerk is directed to provide a

8    copy of this order to all parties.

9          Dated this 6th day of May, 2020.

10

11                       Theresa L. Fricke
                           United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25    ORDER DENYING MOTIONS FOR: APPOINTMENT
     OF COUNSEL, TO DIRECT DEFENDANTS TO
     RETURN A COMPUTER; AND ORDER GRANTING A
     LIMITED EXTENSION OF TIME - 8