UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEOFFREY ROBERT LARSON SR.,

          Petitioner,

v.

JAMES KEY ,

          Respondent.

CASE NO. 3:18-cv-05998-RSL-BAT

**REPORT AND RECOMMENDATION**

    Before the Court is petitioner's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his March 15, 2013 judgment, and 176-month sentence of imprisonment for First Degree Burglary, Second Degree Burglary, Voyeurism, and Attempted Voyeurism Unlawful Possession of a Controlled Substance in Kitsap County Superior Court No. 12-1-00713-4. Dkt. 9 (habeas petition), and Dkt. 18 (Ex. 1. Judgment and Sentence). The habeas petition, originally submitted for filing in the Eastern District of Washington on September 13, 2018, Dkt. 1, was transferred to this District on November 29, 2018, and assigned to the Honorable Ronald B. Leighton. Dkt. 10.

    The Court ordered service on respondent and respondent filed a Response to the habeas petition and the State Court Record on January 28, 2019. Dkts. 17, 18. Respondent contends the habeas petition should be dismissed as untimely and because petitioner knew of the factual and

REPORT AND RECOMMENDATION - 1

legal bases for his habeas claims he is not entitled to equitable tolling or any other exception to the one-year federal habeas statute of limitations. Dkt. 17 at 8.

Following the submission of the response, the Court granted petitioner a series of extensions to reply to respondent's response and also addressed other motions petitioner filed. After petitioner was granted a fourth extension to reply, the petition was noted for July 10, 2020 for the Court's consideration. However, on June 26, 2020, petitioner filed a Fifth Motion for an extension of time to response and requests for a laptop computer and reconsideration of the Court's earlier denial of his request for injunctive relief. Dkt. 39.

On August 31, 2020 the case was reassigned to the Honorable Robert S. Lasnik following Judge Leighton's retirement. A minute order was issued on October 23, 2020 transferring the referral of the case to Magistrate Judge Brian Tsuchida. Dkt. 43. On October 26, 2020, Judge Tsuchida issued an order addressing the motion plaintiff filed on June 26, 2020 at Dkt. 39. In its order, the Court granted petitioner an extension to November 23, 2020 to reply to respondent's response and advised petitioner that in view of the length of time the response has been pending, no further extensions would be granted. Dkt. 44. The Court also denied petitioner's motions for a laptop computer and reconsideration of the Court's earlier order denying injunctive relief. *Id*.

Petitioner's reply to respondent's response was due on November 23, 2020, but as of this date, the Court has not received anything from petitioner. Having considered the record, the Court concludes the habeas petition in this case was filed outside of the federal statute of limitations and because petitioner knew of the factual and legal bases for his habeas claims he is not entitled to equitable tolling. Dkt. 17 at 8. Because the habeas petition is barred by the statute of limitations, the Court accordingly recommends the petition be **DISMISSED** with prejudice. If

REPORT AND RECOMMENDATION - 2

the assigned district judge adopts this recommendation, the Court recommends **DENIAL** of issuance of a certificate of appealability (COA).

## DISCUSSION

**A.     Background**

Petitioner seeks federal habeas relief from his March 15, 2013 judgment and sentence for First Degree Burglary, Second Degree Burglary, Voyeurism, and Attempted Voyeurism Unlawful Possession of a Controlled Substance in Kitsap County Superior Court No. 12-1-00713-4. Dkt. 9 (habeas petition), and Dkt. 18 (Ex. 1. Judgment and Sentence).

Respondent contends the record establishes the habeas petition is untimely and should be dismissed. The record shows petitioner appealed his convictions to the Washington Court of Appeal and that court affirmed the convictions. Dkt. 18 Ex. 2 and 3. Petitioner thereafter sought review in the Washington Supreme Court requesting an extension of time to file his petition for review. *Id.* Ex. 19. The Washington Supreme Court denied the request for extension, rendering the petition for review untimely. *Id.* Ex. 23. The Washington State Court of Appeals issued a mandate on August 27, 2015, Ex. 24, and the Supreme Court denied certiorari on February 29, 2016. Ex. 25.

Nearly a year passed until February 23, 2017 when petitioner put into the mail a personal restraint petition (PRP). Dkt. 18, Ex. 26 at 11. The Washington Court of Appeals denied the PRP and petitioner filed a motion for reconsideration which the Court treated as a petition for review by the Washington Supreme Court. Ex. 28 and 29. The Commissioner of the Washington Supreme Court denied review, ex. 31 and petitioner moved to modify the ruling. Ex. 33. The Washington Supreme Court denied the motion to modify on February 7, 2018, ex. 34 and issued a certificate of finality on February 20, 2018. Ex. 35. Petitioner did not file a petition for writ of

1  certiorari in the Supreme Court. On September 13, 2018, petitioner submitted his federal petition
2  to the Eastern District of Washington for filing. Dkt. 1.
3  **B.       Habeas Statute of Limitations**
4  Federal habeas corpus petitions filed by persons imprisoned under a state court judgment
5  are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. §
6  2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment
7  became final by the conclusion of direct review or the expiration of the time for seeking such
8  review . . . ." Additionally, "[t]he time during which a properly filed application for State post-
9  conviction or other collateral review with respect to the pertinent judgment or claim is pending
10 shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §
11 2244(d)(2) (emphasis added).
12 For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the
13 judgment becomes final either upon the expiration of the time for filing a petition for writ of
14 certiorari with the Supreme Court, or when the Court rules on a timely filed petition for
15 certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review
16 or the direct review process terminates prior to reaching the state's highest court, however, the
17 judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012);
18 *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms
19 the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the
20 state supreme court, the direct review process concludes upon expiration of time for seeking
21 review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S.
22 Ct. at 653-54.
23

REPORT AND RECOMMENDATION - 4

1    Here, direct review in petitioner's case concluded when the Supreme Court denied
2    certiorari on February 29, 2016. Dkt. 18 Ex. 25. The federal habeas statute of limitations began
3    to run on that date. It continued to run for 359 days until petitioner mailed his PRP on February
4    23, 2017. *Id.* Ex. 26 at 11. Plaintiff's submission of the PRP statutorily tolled the statute of
5    limitation under 28 U.S.C. § 2244(d)(2) from the time it was filed on February 23, 2017 until
6    February 18, 2018 when the Washington Supreme Court denied petitioner's motion to modify
7    the Commissioner's ruling. Dkt. 18, Ex. 34. Following the denial of petitioner's motion to
8    modify, the federal habeas statute of limitations began running again. Because the statute of
9    limitations had already run 359 days, the limitations period expired six days later on February
10   24, 2018. The habeas petition in this case was not submitted for filing until September 13, 2018,
11   far outside of the limitations period. The habeas petition is thus untimely and should accordingly
12   be dismissed with prejudice.

13   Because petitioner proceeds *pro se* the Court considers whether there are equitable
14   grounds to toll the statute of limitations. The federal statute of limitations may be equitably tolled
15   if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some
16   extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*,
17   130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a
18   sufficient basis for demonstrating equitable tolling. *Id.* at 2564. To obtain equitable tolling,
19   extraordinary circumstances beyond a petitioner's control must have prevented the petitioner
20   from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.
21   2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351
22   F.3d 919, 923-24 (9th Cir. 2003).
23

REPORT AND RECOMMENDATION - 5

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

The record establishes petitioner knew about or should have known about the factual and legal grounds for his claims before the habeas statute of limitations expired. Each of petitioner's claims revolve around claimed defects that allegedly arose at trial: burglary is a non-existent crime; there was insufficient evidence to convict; the charging document was deficient; the burglary charge was based on sex and race; the burglary statute is overbroad; the voyeurism statute is overbroad, the Washington Constitution is more protective than the federal constitution; an erroneous burglary jury instruction was given; petitioner should have been allowed to argue self-defense; petitioner was charged for conduct that was not unlawful; the burglary statute is selectively prosecuted and enforced; counsel was ineffective; and petitioner is innocent. Dkt. 9 (habeas petition) at 5-17.

Given the nature of the habeas claims, petitioner could have but failed to file a timely federal habeas petition but did not. The record thus establishes there was no external barrier outside of petitioner's control that prevented him from timely raising the present claims. He is accordingly not entitled to equitable tolling of the statute of limitations.

Petitioner also alleges in his habeas petition "Actual Innocence." Dkt. 9 at 7. In support he argues the prosecution did not present facts or law that he committed the crime of burglary or voyeurism in order to sustain a jury finding of guilt, he further argues under the facts of the case it was not possible petitioner committed the crimes. *Id.* The Court may review an untimely

habeas petition if a petitioner produces sufficient proof of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392-99 (2013). The petitioner must produce sufficient proof of his actual innocence to bring the case "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). A petitioner claiming actual innocence must "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. Actual innocence does not mean legal insufficiency; it means factual innocence. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

In this case, the Washington Court of Appeals found:

> In May 2012, Harrison Medical Center employee Ron Burrows entered one of the women's restrooms and began to sanitize the stall areas. As he opened the stall door, Lawson emerged and ran off despite Burrows's efforts to catch him. Harrison security manager Leon Smith identified Lawson from a security video that showed Lawson entering the hospital through the loading dock area. The video also showed Lawson entering and exiting the women's restroom over approximately four hours.
>
> In June 2012, security officer J.K. was in the same women's restroom at Harrison when someone attempted to open the stall door. Startled, J.K. observed men's dress shoes underneath the door. J.K. viewed security video and determined by the man's pants and shoes that he was the same person who tried to enter the stall while she used the restroom. Meanwhile, other security officers confirmed that the suspicious man was Lawson, who had returned to Harrison a second time. Security Supervisor Charles Nace and Officer Dakota Muir contacted Lawson, but he resisted, causing Nace to fall to the floor with an injury.
>
> Also in June 2012, A.S. used the women's restroom in a Barnes and Noble store. After washing her hands, A.S. saw a man peering into the main bathroom area over the stall door adjacent to the one she had used. According to A.S., the man, who she later identified as Lawson, quickly ducked, but A.S. could see him through a gap in the stall doors. A.S. reported the incident to Barnes and Noble employees. Assistant store manager Amy King reviewed a store security video. The video showed Lawson surreptitiously entering the clearly marked women's restroom.

Dkt. 8, Ex. 2 (Opinion, Court of Appeals). The state court findings of fact do not establish or support the argument that petitioner is factually innocent. Petitioner's contentions that he is not

REPORT AND RECOMMENDATION - 7

guilty of burglary and voyeurism as a matter of law were addressed and rejected by the Washington Court of Appeals. The Washington Court of Appeals stated:

> We hold that there was sufficient evidence to prove that Lawson [petitioner] viewed another person in a place where she had a reasonable expectation of privacy and that a rational jury could have found that he committed assault while in or in immediate flight from a building in which he has no lawfully entitled to remain.

*Id*. The Washington Court of Appeals also rejected petitioner's claim there was insufficient evidence to support the burglary convictions because voyeurism is not a crime against a person or property. *Id*. The state court rejected the argument for several reasons including the fact the language of the statute indicates the voyeurism is a crime against a person because it involves the viewing of a person without the person's knowledge in a place where the person has a reasonable expectation of privacy, or the viewing of another person's intimate areas. *Id*.

The State Court also found the prosecution presented sufficient evidence for a rational trier of fact to find petitioner guilty of burglary because petitioner entered the women's restrooms with the intent to commit a crime against a person or property. Based upon the state court findings of fact in this case, there is no basis for the actual innocence exception to be applied. *See McQuiggin v. Perkins*, 569 U.S. at 399. (Actual innocence exception applies only if petitioner shows a miscarriage of justice occurred, based on facts that "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Rather, petitioner's claim of actual innocence falls far short of the required standard and the Court thus concludes the actual innocence exception to the habeas statute of limitations is inapplicable.

In sum, because petitioner's habeas petition is untimely and there are no equitable or other grounds that allow the Court to consider petitioner's grounds for relief, the Court recommends the petition be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 8

**C.     Evidentiary Hearing**

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 536 U.S. 170, 181, 131 S. Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. Because the timeliness of petitioner's claims can be determined from the state court record, no evidentiary hearing is necessary.

**D.     Certificate of Appealability**

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree petitioner's habeas petition is untimely and that the exceptions to the limitations period are inapplicable. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 9, 2020.** The Clerk should note the matter for **December 11, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 25th day of November 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge